# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nicholas B. DeWald<br>_____Debtor_____ | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY).<br>_____Movant_____<br>vs. | NO. 18-10769 mdc |
| Nicholas B. DeWald<br>_____Debtor_____ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>_____Trustee_____ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,276.27,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2020 to September 2020 at $549.00/month |
| Late Charges: | April 2020 to August 2020 at $22.85/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $162.98 |
| **Total Post-Petition Arrears** | **$4,276.27** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a) The fees and costs relating to the Motion of $1,031.00 are deemed recoverable pursuant to Fed.R.Civ.P. 3002.1(c).

b) Beginning on October 1, 2020 and continuing through March 1, 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$549.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of $**540.90 from October 2020 to February 2021 and $540.77 for March 2021** towards the arrearages on or before the last day of each month at the address below:

PHFA
211 NORTH FRONT STREET
HARRISBURG, PA 17101

    c)    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    September 17, 2020        By: */s/ Rebecca A. Solarz, Esquire*
                                                               Attorney for Movant

Date:  *September 18, 2020*          */s/ Brandon J. Perloff, Esquire*
                                                               Brandon J. Perloff, Esquire
                                                               Attorney for Debtor

Date: September 22, 2020          /s/ LeeAne O. Huggins          No Objection
                                  William C. Miller, Esquire
                                  Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman