United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-10769-mdc
Nicholas B. DeWald                                                      Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2       User: SaraR            Page 1 of 1            Date Rcvd: Sep 24, 2020
                           Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2020.
db             +Nicholas B. DeWald,   9921 Bustleton Ave,   Unit R-3,   Philadelphia, PA 19115-1521

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 24, 2020 at the address(es) listed below:
      BRANDON J PERLOFF   on behalf of Debtor Nicholas B. DeWald bperloff@perlofflaw.com,
       kmecf1429@gmail.com
      KEVIN G. MCDONALD    on behalf of Creditor   Pennsylvania Housing Finance Agency
       bkgroup@kmllawgroup.com
      KEVIN G. MCDONALD    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
       PENNSYLVANIA HOUSING FINANCE AGENCY). bkgroup@kmllawgroup.com
      LEON P. HALLER    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
       PENNSYLVANIA HOUSING FINANCE AGENCY). lhaller@pkh.com,   dmaurer@pkh.com;mgutshall@pkh.com
      REBECCA ANN SOLARZ    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
       PENNSYLVANIA HOUSING FINANCE AGENCY). bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                 TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicholas B. DeWald <br> _Debtor_ | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY). <br> _Movant_ <br> vs. | NO. 18-10769 mdc |
| Nicholas B. DeWald <br> _Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br> _Trustee_ | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,276.27,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2020 to September 2020 at $549.00/month |
| Late Charges: | April 2020 to August 2020 at $22.85/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $162.98 |
| **Total Post-Petition Arrears** | **$4,276.27** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a) The fees and costs relating to the Motion of $1,031.00 are deemed recoverable pursuant to Fed.R.Civ.P. 3002.1(c).

b) Beginning on October 1, 2020 and continuing through March 1, 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$549.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of $**540.90 from October 2020 to February 2021 and $540.77 for March 2021** towards the arrearages on or before the last day of each month at the address below:

PHFA
211 NORTH FRONT STREET
HARRISBURG, PA 17101

    c)    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    September 17, 2020        By: */s/ Rebecca A. Solarz, Esquire*
                                                             Attorney for Movant

Date:  *September 18, 2020*        */s/ Brandon J. Perloff, Esquire*
                                                             Brandon J. Perloff, Esquire
                                                             Attorney for Debtor

Date: September 22, 2020        /s/ LeeAne O. Huggins        No Objection
                                William C. Miller, Esquire
                                Chapter 13 Trustee


Approved by the Court this  23rd  day of _____September_____, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge